■ In the Matter of EDWARD F. BISHOP et al., Appellants, v BOARD OF TRUSTEES OF THE VILLAGE OF SENECA FALLS, Respondent. — Judgment unanimously affirmed, without costs. Memorandum: Appellants are owners of homes located near the site of a municipal garage which is presently under construction. They have appealed from the dismissal of their petition in which they sought an order halting construction and directing the respondent board to prepare an environmental impact statement. Their claim is that the operation of the garage will affect the residential character of the neighborhood in a negative manner. The garage is being built on a one and one-half acre site which the municipality acquired and leveled in 1974. The site is zoned M-1 (industrial) and is bordered on the north by Chestnut Street and the south by Oak Street. The relevant "neighborhood" (see 6 NYCRR 617.19) is approximately 50% residential and the remainder industrial and commercial highway. The plans approved by the board show a 15,000 square foot structure with entrances abutting on Oak Street, thus funneling all truck

traffic directly into the nonresidential area. Upon the advice of the Department of Environmental Conservation the board did not prepare an environmental impact statement. Rather, an environmental assessment form was completed. Upon review of this form the board decided that the construction and operation of the garage would not significantly affect the environment. Although we recognize that a very low threshold of significance will trigger the need for the preparation of an environmental impact statement *(H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222), we find that the board's determination is supported by the evidence. Appellants correctly note that the environmental assessment form misstated the dominant land use of the relevant neighborhood. However, this error does not change the result. The entire project is within the area zoned for industrial use and there is no evidence that the operation of the now apparently completed garage will have any adverse effect on that part of the "neighborhood" zoned "residential". (Appeal from judgment of Monroe Supreme Court — art 78.) Present — Cardamone, J. P., Simons, Hancock, Jr., Denman and Schnepp, JJ.